**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| **VANKIRK ELECTRIC, INC.,** | : | **Case No. 25-30511-AEC** |
| | : | **(Joint-Administration Requested)** |
| Debtor. | : | |
| | : | |
| IN RE: | : | Chapter 11 |
| | : | |
| **MON ARC GROUP, INC.,** | : | **Case No. 25-30512-AEC** |
| | : | |
| Debtor. | : | |
| | : | |

**MOTION FOR JOINT ADMINISTRATION**

COMES NOW Vankirk Electric, Inc. ("**Vankirk**") and Mon Arc Group, Inc. ("**Mon Arc**"), Debtors and Debtors-in-Possession in the above-styled cases, (each a "**Debtor**" and, collectively, "**Debtors**"), and, pursuant to Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 1015(b) and Local Rule 1015-2, move this Court for an Order authorizing the joint administration of Debtors' Chapter 11 cases, respectfully showing as follows:

**Chapter 11 Cases**

1.     Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on September 19, 2025 (the "**Petition Date**").

2.     Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.     No committee, trustee, or examiner has been appointed in the cases.

4.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested is Bankruptcy

Rule 1015(b) and Local Rule 1015-2.

## Corporate Ownership and Relatedness

5.      Vankirk is a Georgia for-profit corporation with its principal place of business in

Watkinsville (Oconee County), Georgia, with an operations office in Winder (Barrow County),

Georgia.

6.      Mon Arc is a California for-profit corporation, licensed to do business in Georgia,

with its principal place of business in Watkinsville (Oconee County), Georgia, with an

operations office in Winder (Barrow County), Georgia.

7.      Loren Wesley Vankirk is the sole shareholder of Vankirk and Mon Arc.

8.      Thus, Debtors are affiliates under Section 101(2)(B) of the Bankruptcy Code.

## Relief Requested

9.      By this Motion, Debtors seek entry of an order consolidating, for procedural

purposes only, these Chapter 11 cases.

## Basis for Relief

10.      Bankruptcy Rule 1015(b) provides for the joint administration of estates where two

or more petitions are pending by or against a debtor and an affiliate in the same court. As detailed

below, Debtors are "affiliates" of one another as that term is defined in Section 101(2) of the

Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Moreover, each of the specifications

required pursuant to Local Rule 1015-2 is satisfied. Accordingly, joint administration of Debtors'

estates is appropriate.

**Applicable Authority**

11.     Bankruptcy Rule 1015(b) provides that, where two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Under Section 101(2)(B) of the Bankruptcy Code, the term "affiliate" includes a "corporation . . . whose outstanding voting securities are directly or indirectly owned . . . by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . ." 11 U.S.C. § 101(2)(A).

12.     As indicated above, Mr. Vankirk is the sole owner of both Vankirk and Mon Arc, as well as the Chief Executive Officer of both Debtors. Thus, both Debtors are corporations which share a common holder of all outstanding voting securities by an "entity."[1] And, thus, each Debtor is an affiliate of the other, such that two petitions are pending in the same court by or against a debtor and an affiliate under Bankruptcy Rule 1015(b).

13.     Debtors are seeking entry of an order directing joint administration of these cases because, among other things, it will avoid the unnecessary time and expense of duplicative motions, applications, orders, and other pleadings, thereby saving considerable time and expense for Debtors and likely resulting in substantial savings for their estates. Duplication of substantially identical documents would also unnecessarily overburden the Clerk of Court with voluminous filings. Therefore, joint administration of these affiliated Debtors' Chapter 11 cases will permit the Clerk of Court to utilize a single general docket for these cases.

14.     Debtors request that the following official caption to be used by all parties in all pleadings in the jointly administered cases:

[proposed joint-administration caption to follow]

---

[1] To be sure, the word "entity" includes "person[s]." 11 U.S.C. § 101(15).

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| IN RE: | : | **Chapter 11** |
| | : | |
| **VANKIRK ELECTRIC, INC. and MON ARC** | : | **Case No. 25-30511-AEC** |
| **GROUP, INC.,** | : | **(Jointly Administered)** |
| | : | |
| **Debtors.** | : | |
| | : | **Case No. 25-30512-AEC** |
| | : | |

15.     The rights of each Debtor's respective creditors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to impact substantive rights. Each creditor and party-in-interest will maintain whatever rights it has in the particular bankruptcy estate in which it allegedly has a claim or right. In fact, the rights of all creditors should be enhanced by the reduction in costs joint administration affords.

16.     Additionally, because the notices, applications, motions, hearings, and orders in these cases will affect Debtors, joint administration will permit counsel for all parties-in-interest to include Debtors' respective estates in a single caption on the document that will be served and filed herein, thus enabling parties-in-interest in each of the cases to be apprised easily of the various matters before the Court. Therefore, Debtors request that a docket entry reflecting the joint administration, in the same or substantially the same form of that contained in the proposed order accompanying this Motion, be made in each of Debtors' cases.

17.     Given the foregoing, Debtors submit that the policies behind the requirements of Section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 have been satisfied.

18.    Debtors file this Motion without prejudice to their right to later seek substantive

consolidation of these Bankruptcy Cases.

19.    No previous request for such relief has been made to this or any other Court.

20.    A proposed Order granting this Motion is attached on **Exhibit 1**.

**Notice**

21.    Debtors will serve this Motion as directed by the Court.

WHEREFORE, Debtors respectfully request that this Court grant this Motion and provide

such other relief as is just and appropriate.

Respectfully submitted this 23rd day of September, 2025.

**STONE & BAXTER, LLP**
By:

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
G. Daniel Taylor
Georgia Bar No. 528521
Thomas B. Norton
Georgia Bar No. 997178
dbury@stoneansbaxter.com
dtaylor@stoneandbaxter.com
tnorton@stoneandbaxter.com

577 Third Street
Macon, Georgia 31201
478.750.9898
478.750.9899 (fax)

Proposed Counsel for Debtors

G:\CLIENTS\Vankirk Electric, Inc\First Day Motions\Expedited\1. Motion for Joint Admin.docx

**EXHIBIT 1**

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | **Chapter 11** |
| | : | |
| **VANKIRK ELECTRIC, INC. and MON ARC** | : | **Case No. 25-30511-AEC** |
| **GROUP, INC.,** | : | **(Jointly Administered)** |
| | : | |
| **Debtors.** | : | |
| | : | **Case No. 25-30512-AEC** |
| | : | |

**ORDER DIRECTING JOINT ADMINISTRATION OF CASES**

On the Motion (Dkt. __) of Vankirk Electric, Inc. ("**Vankirk**") and Mon Arc Group, Inc.,

("**Mon Arc**"), Debtors and Debtors-in-Possession in the above-styled cases (each a "**Debtor**" and

collectively, "**Debtors**"), for entry of an order pursuant to Federal Rule of Bankruptcy Procedure

("**Bankruptcy Rule**") 1015(b) consolidating for procedural purposes only, and providing for joint

administration of, Debtors' separate Chapter 11 cases; and the Court having determined, after an

expedited hearing on September __, 2025, that the relief requested in the Motion is in the best

interests of Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given and that, subject to the noticing

requirements set out below, no other or further notice is necessary; and after due deliberation

thereon; and good and sufficient cause appearing therefor, it is hereby:

ORDERED AND ADJUDGED that:

(a)    The Motion is granted.

(b)    The above-captioned Chapter 11 cases are consolidated for procedural purposes

only and shall be jointly administered with the Chapter 11 Case of Vankirk Electric, Inc. (Case

No. 25-30511-AEC) as the lead case (the "**Lead Case**").

(c)    All filings in these cases, with the exception of (1) each Debtor's schedules and

statement of financial affairs (which each Debtor shall file separately on each Debtor's respective

bankruptcy docket) and (2) proofs of claim (which creditors shall file separately per Debtor on

each Debtor's respective claims registry) shall hereafter be filed in the Lead Case and captioned

as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| IN RE: | : | **Chapter 11** |
| | : | |
| **VANKIRK ELECTRIC, INC. and MON ARC** | : | **Case No. 25-30511-AEC** |
| **GROUP, INC.,** | : | **(Jointly Administered)** |
| | : | |
| **Debtors.** | : | |
| | : | **Case No. 25-30512-AEC** |
| | : | |

(d)    This caption shall be deemed to comply with the requirements of Section 342 of

the Bankruptcy Code, and Bankruptcy Rules 1005 and 2002.

(e)    A docket entry shall be made in each of Debtor's cases substantially as follows:

An order has been entered in this case directing the procedural
consolidation and joint administration of the Chapter 11 cases of

Vankirk Electric, Inc. (Case No. 25-30511-AEC) and Mon Arc Group, Inc. (Case No. 25-30512-AEC). The docket in Case No. 25-30511-AEC is the lead case and shall be consulted for all matters affecting this case and these cases.

(f)    Persons filing a document that pertains to only one debtor (for example, a monthly operating report) shall include the debtor's name in the free text portion of the docket entry.

(g)    The entry of this Order is without prejudice to the right of any party in interest to seek substantive consolidation of any or all of the cases which are ordered jointly administered hereby, and shall not be construed to bar any objection or defenses to any such request to substantively consolidate such cases

(h)    Debtors' counsel shall serve this Order on the United States Trustee and all creditors and parties-in-interest within three (3) business days after its entry.

**END OF DOCUMENT**

**This Order prepared by:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 *facsimile*;
dbury@stoneandbaxter.com *email*
Proposed Counsel for Debtors